# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5253 | **DATE** | July 23, 2012 |
| **CASE TITLE** | Augustus Wilson, Jr. (#2011-1219101) v. City of Chicago | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* ("IFP") [3] is denied without prejudice to Plaintiff submitting a completed application. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint in accordance with this order. Within 30 days of the date of this order, Plaintiff must: (1) either submit a completed IFP application or pre-pay the $350 filing fee, and (2) submit an amended complaint. The clerk shall send Plaintiff an IFP application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply with this order within 30 days will result in dismissal of the case.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff Augustus Wilson, currently incarcerated at the Cook County Jail, has filed this civil rights complaint under 42 U.S.C. § 1983. The caption of the complaint lists as Defendant the City of Chicago. Plaintiff asserts that, on August 30, 2010, he was arrested subsequent to a a stop of a vehicle in which he was a passenger. Chicago Police Officer Seng and his partner (name unknown) were the officers who conducted the stop and arrest. According to Plaintiff, he was charged with a possession with intent to deliver an illegal substance, but the charges were dropped on December 27, 2010, upon the state trial court finding that the stop was illegal.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). His IFP application, however, is incomplete, as it does not include a copy of his jail trust fund account for a six-month period preceding his filing of this complaint. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed IFP, which allows the inmate to pay the filing fee with monthly deductions from his trust fund account. If the court grants the IFP application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, "submit a certified copy of the trust fund account statement ... for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). To proceed with this case, Plaintiff must resubmit a completed IFP application that includes his jail trust fund statement. Alternatively, he may pre-pay the $350 filing fee. His failure to satisfy the filing fee requirement within 30 days of this order will result in the dismissal of this case. N.D. Local Rule 3.3(e).
**(CONTINUED)**

isk

| **STATEMENT (continued)** |
|---|

      Additionally, Plaintiff's complaint cannot proceed as currently drafted. Plaintiff lists the City of Chicago as the only Defendant in the caption of the case, but states no claims against the City. Although the body of the complaint discusses actions by Chicago Police Officer Seng, this person is not listed in the caption. *See* Fed. R. Civ. P. 10(a) (the caption of a complaint must list all the parties of the case); *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998). The court further notes that, while Plaintiff appears to allege either that he was falsely arrested and/or that the stop of the vehicle was illegal, he provides no information about the stop and subsequent arrest. Instead, he states simply that it was unfair that he (a passenger) was arrested while the driver was not and that the charges against him were later dropped when the state court determined that the stop was illegal. Mere recitation of the elements of a claim are usually not considered enough to sufficiently state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (to satisfy the notice-pleading requirement, a complaint must provide each defendant with sufficient information of the claim being alleged against him and the grounds upon which the claim rests).

      Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that names in its caption the parties he seeks to sue and that provides additional information about the claim he seeks to assert. The clerk shall forward an amended complaint form. Plaintiff is advised that an amended complaint replaces a prior complaint and must stand complete on its own. The court will look only to the amended complaint to determine the claims and parties to this case. Also, Plaintiff must include a judge's copy and a service copy for each named Defendant. The court further informs Plaintiff that the statute of limitations for false arrest and similar claims in Illinois is two years. *See* 735 ILCS 5/13-202 (2009); *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009).

      Therefore, in order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must: (1) either submit a completed *in forma pauperis* application or pre-pay the $350 filing fee, and (2) submit an amended complaint that names the parties he seeks to sue and that provides sufficient information about his claim. Failure to comply with this order will result in summary dismissal of this case.