Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5253 | **DATE** | 9/12/12 |
| **CASE TITLE** | Augustus Wilson, Jr. (#2011-1219101) vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [5] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall forward a copy of this order to the trust fund officer at the Cook County Jail. The clerk shall also issue summons for service of the amended complaint [6] on Chicago Police Officer Seng and shall forward to Plaintiff instructions for filing documents in this Court.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Augustus Wilson, currently confined at the Cook County Jail, has submitted a completed *in forma pauperis* ("IFP") application and an amended complaint as the Court directed him to do in its July 23, 2012, order.

Plaintiff's IFP application indicates that he cannot prepay the $350 filing fee. The Court thus grants his IFP motion and assesses an initial partial filing fee of $3.63. The trust fund account officer at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's account and pay it to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

As to the amended complaint, Plaintiff sufficiently alleges a claim of false arrest. He states that Chicago Police Officer Seng indicated in support of his arrest of Plaintiff (possibly in a police report or at a probable cause hearing) that he observed Plaintiff, from the passenger seat of a car, engage in a conversation with another man outside the car and that an object was exchanged between the two. Seng then stopped the car and allegedly saw Plaintiff place a plastic bag under the seat. Although similar facts have been found to constitute probable cause, which defeats a false arrest claim, *see United States v. Norris*, 640 F.3d 295, 300 (7th Cir. 2011) (officer who had received a confidential informant tip of drug sales and who witnessed "very short conversations, hand to hand exchanges of objects, and constant attempts to observe all directions" during the exchanges established probable cause), Plaintiff's allegations that Seng saw only a conversation between two men through a car window and an exchange of something, without more, could establish that an arrest without probable cause. Though not alleged in the current complaint, Plaintiff previously indicated that the criminal case from this arrest was dismissed based upon a finding of no probable cause for the arrest. Records from his criminal case may demonstrate no basis for

| STATEMENT |
|---|
| Plaintiff's false arrest claim, but the amended complaint, at this time, sufficiently states such a claim.<br><br>      The clerk shall issue summons for service of the amended complaint on Chicago Police Officer Seng. The United States Marshals Service is appointed to serve Defendant Seng. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, officials with the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service or for proof of service, should a dispute arise and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br>      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants, or to defense counsel, once an attorney has entered an appearance on behalf of Defendant. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff unfiled. |